Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI MICHELLE MICHAEL,<br><br>*Plaintiff,*<br><br>v.<br><br>FORMER CONGRESSMAN SCOTT GARRETT,<br><br>*Defendant.* | Civil Action No. 17-5665<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

On July 26, 2017, Plaintiff Laurie Michelle Michael filed an initial complaint. D.E. 1. On August 22, 2017, the Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed Plaintiff's Complaint without prejudice upon screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B). D.E. 4, 5. Plaintiff filed this Amended Complaint ("Am. Compl.") on September 28, 2017.[1] D.E. 6. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** because Plaintiff's claims are frivolous and fail to state a cognizable claim for relief. Plaintiff is precluded from filing any future suit against Defendant concerning the allegations in Plaintiff's Complaint or Amended Complaint.

---

[1] The Court will construe Plaintiff's letter addressed to "Your Honorable Judges" and "Members of the Press as well" as Plaintiff's Amended Complaint. D.E. 6. In addition, although the letter was filed late, the Court will excuse the tardy filing because Plaintiff is proceeding *pro so*.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The Court dismissed Plaintiff's original Complaint without prejudice, D.E. 4, 5, noting that Plaintiff's claims were unclear and included an amalgam of assertions that did not appear to be connected. For example, Plaintiff accused Defendant of abusing the Patriot Act, theft, trespass, and a myriad of other wrongdoings. Moreover, the allegations were conclusory and without adequate factual support. The Court noted that, among other deficiencies, Plaintiff's Complaint failed to set forth any counts or specific causes of action.

The Amended Complaint fares no better. Indeed, instead of bringing some form of clarity to Plaintiff's claims, the Amended Complaint veers in the opposite direction. The allegations in Plaintiff's Amended Complaint are mainly unconnected statements that include apparent grievances against a number of people. The disjointed allegations include, in order, statements about Governor Christie, "Donald Trump['s] . . . Executive Order against Muslims," the "Mayor of the City, Dwayne Warren," a person blowing up her apartment, Scott Garrett, hate crimes, the fact that "[n]o man can be called a husband without a proper wedding band on his finger," and "spam mailings." Am. Compl. at 1-2. Plaintiff also refers to herself as "Secretary of State of NJ, Diplomat." Am. Compl. at 2. Plaintiff attaches a PSE&G bill and a "New HIB Definition." Am. Compl. at 4-7. The foregoing is just a sampling, and the full Amended Complaint cannot be read with any rational understanding of Plaintiff's alleged cause(s) of action. The Amended Complaint, like the original Complaint, sets forth no counts and fails to indicate any specific cause of action against Defendant (or any person mentioned).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). A district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, if the Court could construe some semblance of Plaintiff's allegations against Defendant, she would have the opportunity to submit a second amended complaint. However, in light of the disjointed and random content of Plaintiff's Complaint and Amended Complaint, the Court finds that any further amendment would be futile.

Therefore, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. A dismissal with prejudice means that Plaintiff is precluded from filing any future suit against Defendant concerning the allegations in the complaint or amended complaint. An appropriate form of Order accompanies this Opinion.

Dated: October 2, 2017

                                             John Michael Vazquez, U.S.D.J.